# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.      CASE NO: 3:17-cr-76-TJC-JBT

RODERICK RANDOLPH LESTER      ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

## **O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant Roderick Randolph Lester is a 41-year-old inmate incarcerated at Edgefield FCI, serving an 84-month term of imprisonment for robbery affecting interstate commerce and possession of a firearm by a convicted felon (Doc. 48, Judgment), as well as a consecutive 16-month term of imprisonment for violating the conditions of supervised release.[1] According to

---

[1] See United States v. Roderick R. Lester, No. 3:10-cr-296-TJC-JBT, Dkt. Entry 99.

the Bureau of Prisons (BOP), he is scheduled to be released from prison on November 27, 2023. Defendant seeks compassionate release because he asserts that the two caregivers of his five children have each become medically incapacitated. (Doc. 64, Motion for Compassionate Release; see also Doc. 67, Sealed Exhibit; Doc. 69, Affidavit of Theodosia Tucker; Doc. 70, Supplemental Exhibit). The United States has responded in opposition. (Doc. 72, Response).

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, as amended by the First Step Act, § 3582(c)(1) provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A). A movant for compassionate release bears the burden of proving that a sentence reduction is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v.

Harris, 989 F.3d 909, 911 (11th Cir. 2021).

In attempting to establish extraordinary and compelling circumstances, Defendant relies on U.S.S.G. § 1B1.13, cmt. 1(C). The policy statement provides that extraordinary and compelling reasons may exist based on family circumstances, such as "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children." U.S.S.G. § 1B1.13, cmt. 1(C)(i).

First, Defendant contends that Theodosia Tucker – Defendant's mother and the caretaker of two of his minor children – "has developed a laundry list of medical issues that have led to her deteriorating health and inability to properly care for Mr. Lester's two minor children." (Doc. 64 at 4–5). Defendant attached a letter from Ms. Tucker, in which she states:

> I am taking [care] of two small children ages 8 and 4 years old. I have had three surgeries on both knees and my neck where I have herniated [discs]. I am still having problems with my neck and back. I have pre-diabetes, high blood pressure. I do need my son home to help me, because I am to have surgery in the [near] future, I have no one to take care of me while I am unable to care for me.

(Doc. 64-3, Movant's Exhibit D). Defendant submitted an affidavit from Ms. Tucker stating substantially the same things. (Doc. 69, Affidavit of Theodosia Tucker). Defendant also submitted two sets of sealed medical records pertaining to Ms. Tucker, which the Court has considered. (Doc. 67, Sealed Medical Records; Doc. 70, Supplemental Medical Records).

3

Although the record supports Defendant's contention that Ms. Tucker suffers from chronic health issues, the record does not show that she is incapacitated. The record reflects that Ms. Tucker continues to work as a night auditor at a Sleep Inn, where she has been employed since April 2018. (Doc. 64-4, Def. Exhibit E). The manager at the Sleep Inn describes Ms. Tucker as a hard worker and an asset to the company. (Id.). To the extent Defendant suggests Ms. Tucker will be temporarily incapacitated due to an upcoming surgical procedure, Defendant has submitted no evidence that surgery is scheduled or when it would occur. As the United States observes, "defendant has supported that there may be a short-term incapacitation of Ms. Tucker as she recovers from surgery at some indeterminate time in the future," but "[t]his is not a sufficient reason to grant [Defendant] compassionate release, particularly in consideration of the length of time defendant has left to serve on his sentence." (Doc. 72 at 9).

Second, Defendant contends that Helen Jessica Meeks – the mother and caregiver to three of Defendant's other children – is also disabled or incapacitated. (Doc. 64 at 5). Defendant asserts that Ms. Meeks suffers from seizures, preeclampsia, high blood pressure, and type 2 diabetes. Id. He asserts that these conditions render Ms. Meeks unable to provide care for the children. Id. Defendant further contends that no caregivers are available other than himself. Id. However, as the United States points out, Defendant has

4

submitted no evidence to support these bare assertions. (Doc. 72 at 8). The lack of evidence matters because a movant for compassionate release bears the burden of proof. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2. Accordingly, the Court finds that Defendant has not demonstrated extraordinary and compelling circumstances.[2]

Moreover, even if the Court accepted the allegations that Ms. Tucker and Ms. Meeks are incapacitated, the record casts doubt on whether Defendant would be a suitable caretaker for the five children. Parts of the PSR to which Defendant did not object reflect that Defendant's domestic relationships, including with his children, have been marked by turmoil and violence. On one occasion, Defendant attempted to drop off his 6-year-old son, J.R., with his mother at a domestic violence shelter, but when J.R.'s mother refused to exit the shelter, "the defendant became angry and fired a gun several times into the air before leaving with [J.R.]. This event was witnessed by several individuals." (PSR at ¶ 87).[3] "Prior to this event, the Florida Department of

---

[2] The Court recognizes that several circuit courts have concluded that U.S.S.G. § 1B1.13 does not apply to defendant-initiated motions for compassionate release, and therefore does not bind district courts. See, e.g., United States v. Aruda, No. 20–10245, 2021 WL 1307884 (9th Cir. Apr. 8, 2021) (published) (collecting cases); United States v. Brooker, 976 F.3d 228 (2d Cir. 2020). The Eleventh Circuit Court of Appeals has not yet ruled on this issue, though the matter is pending in several cases. The Court's decision does not depend on the resolution of this issue because it would reach the same conclusion even if it has discretion not to follow § 1B1.13 and its commentary.

[3] Defendant advised the Probation Officer that J.R.'s mother was at the shelter because she feared an ex-boyfriend. (PSR at ¶ 87 n.1; Doc. 42 at CM/ECF p. 37). Otherwise, Defendant did not object to the factual accuracy of paragraph 87.

Children and Families (DCF) had received abuse and neglect reports regarding the child. Specifically, [i]n May 2015, DCF became involved after the defendant threatened to harm [J.R.] with a gun." (Id.). On yet another occasion, "DCF received an abuse report after the defendant visited [J.R.'s mother's] residence and pulled a gun on her roommate. [J.R.] was home at the time." (Id.). These facts give the Court concern about Defendant's fitness as a caretaker for five children, one of whom appears to be the same child Defendant once reportedly threatened with a gun.

Finally, and in any event, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. Defendant was convicted of robbery affecting interstate commerce and possession of a firearm by a convicted felon after he pulled a gun on a tire store employee and stole a tire. (Doc. 33, Plea Agreement at 20-23). He committed the instant offense despite being on supervised release for a previous federal conviction for possession of a firearm by a convicted felon. (PSR at ¶¶ 51, 56). Prior to the instant offense, Defendant had been convicted of manslaughter, possession of a firearm by a convicted felon (twice), and burglary of a structure, among other offenses. (Doc. 33 at 22-23). According to the BOP, Defendant has more than two and a half years remaining on his term of imprisonment. In view of all the § 3553(a) factors, reducing Defendant's sentence is not warranted at this time.

Accordingly, Defendant Roderick Randolph Lester's Motion for Compassionate Release (Doc. 64) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 6th day of May, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

Lc 19

Copies:
Counsel of record
Defendant